UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

                -v-                 :

ANDREW DISIMONE,                    :
DOMINICK CAPELLI,
        a/k/a "Nicky Pepsi,"        :
JOHN ALEVIS,
        a/k/a "Baby John,"          :
PETER VELTRI,
TOMISLAV DOBRILOVIC,                :
        a/k/a "Tommy D,"
SETH TRUSTMAN,                      :
STEVEN MAYER,
CLEMENTE CASTRACUCCO,               :
EDGAR CONCEPCION,
PAUL CUZZO,                         :
ERNEST CUZZO,
        a/k/a "Butch,"              :
ANTHONY CUZZO,
VINCENT LAFACE,                     :
        a/k/a "Little Vinny,"
THOMAS MANTEY,                      :
PAUL AUST,
        a/k/a "Jay,"                :
PHILIP MERCURIO,
MICHAEL SILVERMAN,                  :
ANTHONY GARCIA,
        a/k/a "Tony,"               :
OSAMA GHOUBRIAL,
        a/k/a "Sammy,"              :

                Defendants.         :

- - - - - - - - - - - - - - - - - - -x

SEALED
<u>INDICTMENT</u>

09 Cr. _____



09 CRIM. 908

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/09

<u>COUNT ONE</u>
(Racketeering Conspiracy)

The Grand Jury charges:

<u>The Enterprise</u>

        1.    At all times relevant to this Indictment, ANDREW
DISIMONE, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS,
a/k/a "Baby John," PETER VELTRI, TOMISLAV DOBRILOVIC, a/k/a

"Tommy D," SETH TRUSTMAN, STEVEN MAYER, CLEMENTE CASTRACUCCO, EDGAR CONCEPCION, PAUL CUZZO, ERNEST CUZZO, a/k/a "Butch," and ANTHONY CUZZO, the defendants, and others known and unknown, were members, associates and co-conspirators of the Luchese Organized Crime Family of La Cosa Nostra (the "Luchese Organized Crime Family"). The Luchese Organized Crime Family was a criminal organization whose members and associates engaged in crimes, including attempted bribery, illegal gambling, and loan sharking.

        2.    The Luchese Organized Crime Family, including its leadership, membership, and associates, constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4) -- that is, a group of individuals associated in fact. This enterprise was engaged in, and its activities affected, interstate and foreign commerce. The Luchese Organized Crime Family was an organized criminal group based in New York City that operated in the Southern District of New York and elsewhere and constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The Luchese Organized Crime Family was referred to by its members and associates in various ways, including as a "cosa nostra," a "Family," and "this thing of ours."

        3.    The Luchese Organized Crime Family was part of a nationwide criminal organization known by various names, including the "Mafia" and "La Cosa Nostra" ("LCN"), which

operated through entities known as "Families."  The Luchese Organized Crime Family took its name from one of its early leaders, Gaetano Luchese.  In addition to the Luchese Organized Crime Family, five other Families operated in the New York City and New Jersey area, namely, the Gambino Organized Crime Family of LCN, the Genovese Organized Crime Family of LCN, the Colombo Organized Crime Family of LCN, the Bonanno Organized Crime Family of LCN, and the Decavalcante Organized Crime Family of LCN.

   4. The Luchese Organized Crime Family operated through groups of individuals known as "crews" and "regimes," most of which were based in New York City.  Each "crew" had as its leader a person known as a "Caporegime," "Capo," "Captain," or "Skipper," and consisted of "made" members, sometimes known as "Soldiers," "wiseguys," "friends of ours," and "good fellows." Soldiers were aided in their criminal endeavors by other trusted individuals, known as "associates," who sometimes were referred to as "connected" or identified as "with" a Soldier or other member of the Family.  Associates participated in the various activities of the crew and its members.

   5. Each Capo was responsible for supervising the criminal activities of his crew and provided Soldiers and associates with support and protection.  In return, the Capo typically received a share of the illegal earnings of each of his crew's Soldiers and associates, which was sometimes referred to as "tribute."

6.     Above the Capos were the highest-ranking members of the Luchese Organized Crime Family, commonly referred to as the "Administration."  The head of the Luchese Organized Crime Family was known as the "Boss," who was ordinarily assisted by an "Underboss" and a "Consigliere," or counselor.  The Boss, Underboss, and Consigliere were responsible for, among other things, setting policy, resolving disputes between and among members of the Luchese Organized Crime Family, and resolving disputes between members of the Luchese Organized Crime Family and members of other criminal organizations.  The Administration of the Luchese Organized Crime Family was also responsible for overseeing the criminal activities of the Family's Capos, Soldiers and associates, and was at times called upon to make decisions regarding those criminal endeavors.

7.     The Boss, Underboss, and Consigliere (whether official or acting) and, at times, the members of the ruling panel, supervised, supported, protected, and disciplined the Capos, Soldiers, and associates, and regularly received reports regarding their various activities.  In return for their supervision and protection, the Boss, Underboss, and Consigliere and members of the ruling panel typically received part of the illegal earnings of each crew.

8.     The Luchese Organized Crime Family has taken significant steps to protect and insulate its Boss and other Administration members from detection and scrutiny by law

4

enforcement. These steps include appointing multi-member committees, and/or "panels," to oversee the daily affairs of the Luchese Organized Crime Family; and naming temporary, or "Acting" Bosses and other Administration positions.

### The Defendants

9. ANDREW DISIMONE, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," PETER VELTRI, TOMISLAV DOBRILOVIC, a/k/a "Tommy D," SETH TRUSTMAN, STEVEN MAYER, CLEMENTE CASTRACUCCO, EDGAR CONCEPCION, PAUL CUZZO, ERNEST CUZZO, a/k/a "Butch," and ANTHONY CUZZO, the defendants, were members, associates, or co-conspirators of the enterprise, the Luchese Organized Crime Family.

### Purposes of the Enterprise

10. The purposes of the enterprise included the following:

a. Enriching the leaders, members, and associates of the enterprise through, robbery, extortion, stolen property crimes, arson, murder, assault, loansharking, gambling, money laundering, labor racketeering, and other crimes;

b. Preserving and augmenting the power, territory, and financial profits of the enterprise through intimidation, violence, and threats of physical and economic harm; and

c. Keeping victims and citizens in fear of the enterprise and its leaders, members, and associates by: (i)

5

identifying the enterprise, its members, and its associates with La Cosa Nostra or the "Mafia;" (ii) causing and threatening to cause economic harm; and (iii) committing and threatening to commit physical violence.

<u>Means and Methods of the Enterprise</u>

11.    Among the means and methods by which the defendants and other enterprise members and associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.    To protect and expand the enterprise's business and criminal operations, members and associates of the enterprise conspired and attempted to bribe members of the New York City Police Department ("NYPD") in order to protect the flow of criminal proceeds to members of the enterprise.  Bribes were discussed with and paid to members of the NYPD who were acting in undercover capacities as corrupt police officers.

b.    Members and associates of the enterprise generated income for the enterprise through the operation of illegal gambling parlors, sports bookmaking, and loan sharking.

c.    Members and associates of the enterprise at times engaged in criminal conduct or coordinated their criminal activities with leaders, members, and associates of other LCN Families.  At other times, members and associates of the enterprise met with leaders, members, and associates of other LCN Families to resolve disputes over their criminal activities.

d.    Members and associates of the enterprise used various techniques to avoid law enforcement scrutiny of the enterprise's criminal activities.  Members and associates of the enterprise typically used coded language to make arrangements for meetings and to refer to other members and associates of the enterprise, and took other steps to frustrate law enforcement's attempts to overhear their discussions.  Members and associates of the enterprise also engaged in other evasive conduct, such as whispering and speaking in hushed tones, meeting in locations with loud background noise, and not specifying the names of those about whom they were speaking, in an effort to obstruct potential law enforcement eavesdropping.

## The Racketeering Conspiracy

12.    From at least in or about 2006, up through and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ANDREW DISIMONE, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," PETER VELTRI, TOMISLAV DOBRILOVIC, a/k/a "Tommy D," SETH TRUSTMAN, STEVEN MAYER, CLEMENTE CASTRACUCCO, EDGAR CONCEPCION, PAUL CUZZO, ERNEST CUZZO, a/k/a "Butch," and ANTHONY CUZZO, the defendants, and others known and unknown, being persons employed by and associated with the Luchese Organized Crime Family, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together

and with each other to violate 18 U.S.C. § 1962(c), to wit, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts and threats involving:

 (a) bribery, in violation of New York Penal Law, Sections 105.05, 110.00 and 200.00;

 (b) gambling, in violation of New York Penal Law, Sections 225.00, 225.05, and 225.10;

 and multiple acts indictable under

 (c) 18 U.S.C. § 1955 (operating an illegal gambling business);

 (d) 18 U.S.C. § 892 (making extortionate extensions of credit and conspiring to do so); and

 (e) 18 U.S.C. § 894 (collecting extensions of credit through extortionate means and conspiring to do so).

 13.  It was a part of the conspiracy that ANDREW DISIMONE, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," PETER VELTRI, TOMISLAV DOBRILOVIC, a/k/a "Tommy D," SETH TRUSTMAN, STEVEN MAYER, EDGAR CONCEPCION, PAUL CUZZO, ERNEST CUZZO, a/k/a "Butch," and ANTHONY CUZZO, each agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

8

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
(Racketeering)

The Grand Jury further charges:

14.    Paragraphs 1 through 11 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

15.    From in or about 2006, up through and including in or about the date of this Indictment, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," PETER VELTRI, TOMISLAV DOBRILOVIC, a/k/a "Tommy D," SETH TRUSTMAN, STEVEN MAYER, CLEMENTE CASTRACUCCO, and EDGAR CONCEPCION, the defendants, and others known and unknown, being persons employed by and associated with the Luchese Organized Crime Family, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly did conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), that is, through the commission of the following racketeering acts:

<u>The Pattern of Racketeering</u>

16.    The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

**Racketeering Act One:**
**<u>Operation of Illegal Gambling Businesses</u>**

17.    From in or about May 2006, up through and including in or about October 2007, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," STEVEN MAYER, CLEMENTE CASTRACUCCO, and SETH TRUSTMAN, the defendants, and others known and unknown, unlawfully, willfully, and knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, to wit, the "Straddle Club," located at 555 Third Avenue, New York, New York, and the "Fairview Club," located at 109 West 27th Street, New York, New York, in violation of New York State Penal Law Sections 225.00, 225.05, and 20.00, which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of such business, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Sections 1955 and 2.

10

**Racketeering Act Two:**
**Operation of Illegal Gambling Business**

18.  From in or about January 2008, up through and including in or about October 2008, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," PETER VELTRI, TOMISLAV DOBRILOVIC, a/k/a "Tommy D," and SETH TRUSTMAN, the defendants, and others known and unknown, unlawfully, willfully, and knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, to wit, an illegal gambling business located at 25 Beachwood Avenue, Mount Vernon, New York, in violation of New York State Penal Law Sections 225.00, 225.05, and 20.00, which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of such business, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Sections 1955 and 2.

**Racketeering Act Three:**
**Operation of Illegal Gambling Business**

19.  From in or about January 2007, up through and including in or about June 2007, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," and EDGAR CONCEPCION, the defendants, and others known and unknown, unlawfully, willfully, and

11

knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, to wit, the "National Card Room," located at 328 East 61st Street, New York, New York, in violation of New York State Penal Law Sections 225.00, 225.05, and 20.00, which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of such business, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Sections 1955 and 2.

**Racketeering Act Four:**
**Attempted Bribery**

20.    The defendants named below committed the following acts, either one of which alone constitutes the commission of Racketeering Act Four:

Conspiracy to Commit Bribery

21.    From in or about 2006, up through and including in or about August 2007, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," STEVEN MAYER, CLEMENTE CASTRACUCCO, and EDGAR CONCEPCION, the defendants, and others known and unknown, unlawfully, willfully, knowingly, and intentionally conspired to commit bribery, in violation of New York State Penal Law Sections 105.05 and 200.00.

12

Attempted Bribery

22.    From in or about 2006, up through and including in or about August 2007, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," STEVEN MAYER, CLEMENTE CASTRACUCCO, and EDGAR CONCEPCION, the defendants, and others known and unknown, unlawfully, willfully, and knowingly conferred, offered to confer, and agreed to confer, or attempted to confer, any benefit upon a public servant upon an agreement or understanding that such public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced, in violation of New York State Penal Law Sections 110.00 and 200.00.

**Racketeering Act Five:**
**Operation of Illegal Gambling Business**

23.    From in or about October 2007, up through and including in or about October 2008, in the Southern District of New York and elsewhere, TOMISLAV DOBRILOVIC, a/k/a "Tommy D," the defendant, and others known and unknown, unlawfully, willfully, and knowingly advanced or profited from illegal gambling activity by engaging in bookmaking to the extent that they received and accepted in any one day more than five bets totaling more than five thousand dollars, in violation of New York State Penal Law Sections 225.00, 225.10, and 20.00.

**Racketeering Act Six:**
**Operation of Illegal Gambling Business**

24.    The defendants named below committed the following acts, either one of which alone constitutes the commission of Racketeering Act Six:

Illegal Gambling Under Federal Law

25.    From in or about December 2007, up through and including in or about April 2008, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," and others known and unknown, unlawfully, willfully, and knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, to wit, a sports bookmaking operation, in violation of New York State Penal Law Sections 225.00, 225.05, and 20.00, which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of such business, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Sections 1955 and 2.

Illegal Gambling Under State Law

26.    From in or about December 2007, up through and including in or about April 2008, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," the defendant, and others known and unknown, unlawfully, willfully,

14

and knowingly advanced or profited from illegal gambling activity by engaging in bookmaking to the extent that they received and accepted in any one day more than five bets totaling more than five thousand dollars, in violation of New York State Penal Law Sections 225.00, 225.10, and 20.00

**Racketeering Act Seven:**
**Conspiracy to Make and Collect Extortionate Extensions of Credit**

27.    The defendants named below committed the following acts, either one of which alone constitutes the commission of Racketeering Act Seven:

**Conspiracy to Make Extortionate Extensions of Credit**

28.    From in or about January 2008, up through and including in or about October 2008, in the Southern District of New York and elsewhere, DOMINCK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," PETER VELTRI, and TOMISLAV DOBRILOVIC, a/k/a "Tommy D," the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to make extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, in violation of Title 18, United States Code, Section 892.

**Conspiracy to Collect Extensions of Credit through**
**Extortionate Means**

29.    From in or about January 2008, up through and including in or about October 2008, in the Southern District of New York and elsewhere, DOMINCK CAPELLI, a/k/a "Nicky Pepsi,"

JOHN ALEVIS, a/k/a "Baby John," PETER VELTRI, and TOMISLAV DOBRILOVIC, a/k/a "Tommy D," the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to participate in the use of extortionate means to collect and attempt to collect extensions of credit, as that term is defined in Title 18, United States Code, Section 891, and to punish persons for the failure to repay said extensions of credit, in violation of Title 18, United States Code, Section 894.

(Title 18, United States Code, Section 1962(c).)

### COUNT THREE
(Operating Illegal Gambling Businesses)

The Grand Jury further charges:

30.   From at least in or about May 2006, up through and including in or about October 2007, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," STEVEN MAYER, CLEMENTE CASTRACUCCO, PAUL CUZZO, ERNEST CUZZO, a/k/a "Butch," ANTHONY CUZZO, VINCENT LAFACE, a/k/a "Little Vinny," THOMAS MANTEY, PAUL AUST, a/k/a "Jay," and SETH TRUSTMAN, the defendants, and others known and unknown, unlawfully, willfully, and knowingly conducted, financed, managed, supervised, directed, and owned all and part of illegal gambling businesses, to wit, the "Straddle Club," located at 555 Third Avenue, New York, New York, and the "Fairview Club," located at 109 West 27th Street, New York, New

16

York, in violation of New York State Penal Law Sections 225.00, 225.05, and 20.00, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day.

(Title 18, United States Code, Sections 1955 and 2.)

### COUNT FOUR
(Operating Illegal Gambling Business)

The Grand Jury further charges:

31.    From at least in or about the January 2008, up through and including in or about October 2008, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," PETER VELTRI, TOMISLAV DOBRILOVIC, a/k/a "Tommy D," and SETH TRUSTMAN, the defendants, and others known and unknown, unlawfully, willfully, and knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, to wit, an illegal gambling business located at 25 Beachwood Avenue, Mount Vernon, New York, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a

17

period in excess of thirty days and had gross revenues of $2,000 in a single day.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT FIVE
(Operating Illegal Gambling Business)

The Grand Jury further charges:

32.   From at least in or about January 2007, up through and including in or about June 2007, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," STEVEN MAYER, and EDGAR CONCEPCION, the defendants, and others known and unknown, unlawfully, willfully, and knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, to wit, the "National Card Room," located at 328 East 61st Street, New York, New York, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT SIX
(Operating Illegal Gambling Business)

The Grand Jury further charges:

33.    From at least in or about January 2008, up through and including in or about October 2008, in the Southern District of New York and elsewhere, JOHN ALEVIS, a/k/a "Baby John," SETH TRUSTMAN, and MICHAEL SILVERMAN, the defendants, and others known and unknown, unlawfully, willfully, and knowingly conducted, financed, managed, supervised, directed, owned all and part of an illegal gambling business, to wit, the "Penthouse Club," located at 330 East 38th Street, New York, New York, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT SEVEN
(Operating Illegal Gambling Business)

The Grand Jury further charges:

34.    From at least in or about December 2007, up through and including in or about April 2008, in the Southern District of New York and elsewhere, STEVEN MAYER, ANTHONY GARCIA, a/k/a "Tony" and OSAMA GHOUBRIAL, a/k/a "Sammy," the defendants, and others known and unknown, unlawfully, willfully, and

19

knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, to wit, the "Action City Club," located at 13-15 West 28th Street, New York, New York, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT EIGHT
### (Operating Illegal Gambling Business)

The Grand Jury further charges:

35.  From at least in or about April 2007, up through and including the date of this Indictment, in the Southern District of New York and elsewhere, ANTHONY CUZZO, ERNEST CUZZO, a/k/a "Butch," PAUL CUZZO, and THOMAS MANTEY, the defendants, and others known and unknown, unlawfully, willfully, and knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, to wit, a sports bookmaking operation, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had

been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day.

(Title 18, United States Code, Sections 1955 and 2.)

### COUNT NINE
(Operating Illegal Gambling Business)

The Grand Jury further charges:

36.   From at least in or about December 2007, up through and including in or about April 2008, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," and PHILIP MERCURIO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, to wit, a sports bookmaking operation, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day.

(Title 18, United States Code, Sections 1955 and 2.)

**COUNT TEN**
(Using Facility in Interstate Commerce in Aid of
Racketeering Enterprise)

The Grand Jury further charges:

37.    From in or about May 2006, up to and including in
or about August 2007, in the Southern District of New York and
elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," STEVEN MAYER,
CLEMENTE CASTRACUCCO, PAUL CUZZO, ANTHONY CUZZO, ERNEST CUZZO,
a/k/a "Butch," EDGAR CONCEPCION, VINCENT LAFACE, a/k/a "Little
Vinny," and PAUL AUST, a/k/a "Jay," the defendants, did travel
and use a facility in interstate commerce with intent to promote,
carry on, and facilitate the promotion and carrying on of an
unlawful activity, to wit, attempted bribery of a sergeant and a
detective with the NYPD in order to prevent law enforcement
action concerning various illegal gambling businesses, in
violation of New York law, and thereafter did perform and attempt
to perform an act to promote and facilitate the promotion and
carrying on of said unlawful activity, to wit, the defendants
made and received telephone calls over an interstate telephone
network to discuss bribery payments made to members of the NYPD
they believed to be corrupt, but who, in actuality, were acting
in undercover capacities as corrupt police officers, for
"protection" of various illegal gambling parlors operated by the
defendants.

(Title 18, United States Code, Sections 1952 and 2.)

22

**COUNT ELEVEN**
(Conspiracy To Make Extortionate Extensions Of Credit)

The Grand Jury further charges:

38.  From at least in or about January 2008, up through and including in or about October 2008, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," PETER VELTRI, and TOMISLAV DOBRILOVIC, a/k/a "Tommy D," the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to make extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, the defendant and others operated a loansharking business.

(Title 18, United States Code, Section 892.)

**COUNT TWELVE**
(Conspiracy To Use Extortionate Means
To Collect Extensions Of Credit)

The Grand Jury further charges:

39.  From at least in or about January 2008, up through and including in or about October 2008, in the Southern District of New York and elsewhere, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," PETER VELTRI, and TOMISLAV DOBRILOVIC, a/k/a "Tommy D," the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to participate in the use of extortionate means to collect and

attempt to collect extensions of credit from debtors, and to punish such people for the non-repayment of said extensions of credit, as those terms are defined in Title 18, United States Code, Sections 891(5) and 891(7).

(Title 18, United States Code, Section 894.)

## FORFEITURE ALLEGATION

40.   As the result of committing the offenses alleged in Counts One through Twelve of this Indictment, ANDREW DISIMONE, DOMINICK CAPELLI, a/k/a "Nicky Pepsi," JOHN ALEVIS, a/k/a "Baby John," PETER VELTRI, TOMISLAV DOBRILOVIC, a/k/a "Tommy D," SETH TRUSTMAN, STEVEN MAYER, CLEMENTE CASTRACUCCO, EDGAR CONCEPCION, PAUL CUZZO, ERNEST CUZZO, a/k/a "Butch," ANTHONY CUZZO, VINCENT LAFACE, a/k/a "Little Vinny," THOMAS MANTEY, PAUL AUST, a/k/a "Jay," PHILIP MERCURIO, MICHAEL SILVERMAN, ANTHONY GARCIA, a/k/a "Tony," and OSAMA GHOUBRIAL, a/k/a "Sammy," the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1951, including but not limited to the following:  A sum of money equal to the amount of proceeds obtained as a result of the foregoing offenses, for which the defendants and their co-conspirators are jointly and severally liable.

Substitute Asset Provision

      41.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants –

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

      (Title 18, United States Code, Sections 981 and
      Title 28, United States Code, Section 2461(c)).

FOREPERSON

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

ANDREW DISIMONE,
DOMINICK CAPELLI,
JOHN ALEVIS,
PETER VELTRI,
TOMISLAV DOBRILOVIC,
SETH TRUSTMAN,
STEVEN MAYER,
CLEMENTE CASTRACUCCO,
EDGAR CONCEPCION,
PAUL CUZZO,
ERNEST CUZZO,
ANTHONY CUZZO,
VINCENT LAFACE,
THOMAS MANTEY,
PAUL AUST,
PHILIP MERCURIO,
MICHAEL SILVERMAN,
ANTHONY GARCIA,
OSAMA GHOUBRIAL,

**Defendants.**

### INDICTMENT

09 Cr. ___

Title 18, United States Code, Sections 892, 894, 1952, 1955, 1962
and 2)

PREET BHARARA
United States Attorney.

**A TRUE BILL**
Foreperson

Indictment u/s. A/W issued for all Defendants

Peck
J.S.M.J